UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Hon. Terrence G. Berg

    Plaintiff,   Case No. 19-20772

vs.

MATHEW MERCER-KINSER

    Defendant.
_____

| ERIN S. SHAW | KIMBERLY W. STOUT |
|---|---|
| Assistant United States Attorney | Counsel for Defendant |
| 211 West Fort Street, 20th Fl | 370 E. Maple Rd., 3rd Floor |
| Detroit, MI 48226 | Birmingham, MI 48009 |
| (313) 226-9182 | (248) 258-3181 |

## MOTION IN LIMINE TO EXCLUDE EROTICA AND "JAILBAIT" INTERNET WEB FORUM BOOKMARKS

Defendant MATHEW MERCER-KINSER, by and through his attorney, Kimberly W. Stout, hereby moves this Honorable Court to exclude all child erotica evidence from trial, as well as evidence of "jailbait" internet web forum bookmark. Such evidence is irrelevant. And even if it was relevant, the evidence is far more prejudicial than probative.

    Respectfully submitted,

    /s/ Kimberly W. Stout
    KIMBERLY W. STOUT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　　Hon. Terrence G. Berg

　　　Plaintiff,　　　　　　　　　　　　　　Case No. 19-20772

vs.

MATHEW MERCER-KINSER

　　　Defendant.
_____
| ERIN S. SHAW | KIMBERLY W. STOUT |
| Assistant United States Attorney | Counsel for Defendant |
| 211 West Fort Street, 20th Fl | 370 E. Maple Rd., 3rd Floor |
| Detroit, MI  48226 | Birmingham, MI  48009 |
| (313) 226-9182 | (248) 258) 226-9182 |

**BRIEF IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EROTICA AND
"JAILBAIT" INTERNET WEB FORUM BOOKMARKS**

　　　Defendant is charged by way of Indictment as follows: Count One, Receipt of Child Pornography, contrary to 18 U.S.C. 2252A(a)A2), and Count Two, Possession of Child Pornography, contrary to 18 U.S.C. 2252A(a)(5)(B). Both counts allege that Defendant received and possessed through interstate commerce visual depictions of sexually explicit conduct/images of minors.

　　　The statutory definition of "child pornography" refers to "lascivious" exhibition of the genitals or pubic area. See 18 U.S.C. § 2256(8)(A).  Specifically, the statute provides as follows:

2

**(8)** "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

**(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

**(B)** such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

**(C)** such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit.

The Sixth Circuit has applied a six-factor test for "lasciviousness." In *United States v Brown*, 579 F.3d 672, 680 (6th Cir. 2009), the Sixth Circuit developed factors to consider whether an image is child pornography or child erotica. The Court wrote:

> First, we must determine the legal standard to apply in determining whether a photograph or video is "lascivious." Count One of the indictment required the production of a depiction of sexually explicit conduct, which is defined to include the "lascivious exhibition of the genitals or pubic area of any person[.]" 18 U.S.C. § 2256(2)(A)(v). Congress has not defined the term "lascivious. This Court, in line with other circuit courts, has applied a six factor test for "lasciviousness," as set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986). 3
>
> Under *Dost*, the relevant factors include:
>
> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

636 F. Supp. at 832.

In *United States v Edwards*, 813 F.3d 953 (10th Cir. 2015), the Court found no probable cause to search because the images described in the affidavit did not satisfy the definition of child pornography, but instead, child erotica. In *Edwards*, the Court found that defendant's posting of child erotica nor his comments online suggesting a sexual attraction to children supports the theory that the defendant possessed child pornography. The Court found that because child pornography collectors also collected child erotica, participated in online forums relating to erotica, and, shared other common characteristics, it does not support the inverse conclusion that possessors of child erotica who participate in online forums must also be child pornography collectors. *See generally United States v Adkins,* 169 Fed. Appx. 961, 967 (6th Cir. 2006) (unpublished) (Standing alone, a high incidence of child molestation by persons convicted of child pornography crimes may not demonstrate that a child molester is likely to possess child pornography.)

Defendant was previously convicted of transporting child pornography and sentenced to 151 months in federal custody. *See United States v Mercer-Kinser,*

4

case No. 09-20001 (E.D. Mich.). At the time, he possessed thousands of images of child pornography. While in a half-way house, Defendant had conversations with his daughter and other prisoners that led to the execution of search warrant on Defendant's phone on Oct. 10, 2019. Defendant attempted suicide but survived.

On his phone, the government found 163 images of "what appeared to be children and young teenagers in various states of undress all of which appeared to be deleted from the phone. Many of the images possessed by Defendant and reviewed by [the agent] depict the lascivious exhibition of the genitals of minor girls and in some cases those girls are performing oral sex on an erect penis." ECF No. 1, Complaint Affidavit, pg. 18. Three images are referenced in the search warrant.

Undersigned counsel has reviewed the 163 images under the supervision of the Assistant U.S. Attorney and the agent. It is the Defendant's position that only three images that were deleted and reconstructed could possibly be considered child pornography, rather than child erotica. The 160 pictures that are child erotica are those of minors in bathing suits and various suggestive clothing and/or poses. Many of these photos are akin to a child in a beauty contest. Defendant urges that this Court exclude from trial evidence the 160 images that are not pornographic and do not contain pictures of sexual activity or genitalia.

Fed. R. Evid. 401 provides the familiar test for relevancy: evidence is relevant if "it has any tendency to make a fact [of consequence] more or less probable than it would without the evidence." Fed. R. Evid. 403 provides that even where evidence is relevant, the Court may exclude same "if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues [or] misleading the jury [among others]."

*Edwards* is instructive. If indeed the 160 of the 163 images are child erotica, they are not relevant to the trial in this case. Child erotica do not "tend[]" to make it more probable that Defendant engaged in the conduct specifically charged. And even if it did, for reasons almost self-evident, they are highly prejudicial.

Moreover, should the government attempt to introduce as evidence any internet web forum bookmarks found on Defendant's phone, Defendant urges these too be excluded. The bookmarks saved only forums that are discussions amongst men or others interested in sex with minors. They are not by their very nature anything by free speech. *See, e.g., White v. Baker,* 696 F. Supp.2d 1289 (N.D. Ga. 2010) (online forums "arguably included forums (such as blogs) in which protected speech occurred).

WHERFORE, Defendant urges this Court exclude from evidence the 160 images of child erotica and the forums referenced in the Complaint in this matter.

6

Respectfully submitted,

/s/ Kimberly W. Stout
KIMBERLY W. STOUT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Hon. Terrence G. Berg

    Plaintiff,   Case No. 19-20772

vs.

MATHEW MERCER-KINSER

    Defendant.
_____

## CERTIFICATE OF SERVICE

KIMBERLY W. STOUT, being first duly sworn, deposes and says that on the 1st day of April, 2021, she served the above pleadings by ECF filing upon:

    Erin S. Shaw
    Assistant United States Attorney
    211 West Fort Street, 20th Fl
    Detroit, MI  48226

    /s/ Kimberly W. Stout
    Kimberly W. Stout (P38588)