UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                CRIMINAL NO. 19-20772

v.                                    HON. TERRENCE G. BERG

MATTHEW MERCER-KINSER,

                Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION IN LIMINE**

While serving the final days of his 151-month child pornography sentence at an area halfway house, defendant Matthew Mercer-Kinser used his smartphone to commit a fresh set of child pornography offenses.   He now moves to limit the evidence of child pornography introduced at trial to just the three representative examples listed in the complaint affidavit.   He also seeks to exclude evidence found on his smartphone that further demonstrates his interest in the sexual exploitation of children -- specifically, child erotica and his bookmarking of "jailbait" websites. Whether an image meets the definition of child pornography is a question for the jury, and the erotica and "jailbait" evidence is directly relevant to the government's proofs on the essential element of defendant's knowledge.   The motion should be denied.

## BACKGROUND

In June 2009, defendant was convicted in this district of transportation of child pornography, and sentenced to 151 months in federal custody.   *United States v. Matthew Mercer-Kinser* (09-20001).   He collected pornography online, while serving in the Army and stationed at Fort Benning, Georgia.   His child pornography collection was prolific in terms of both volume and content, containing thousands of images, including approximately 1,800 known images of at least 101 different known victims.   Defendant's images depicted violent rape and sexual exploitation of babies and small children, including but not limited to the following: adult male penetrating infant female with his penis, adult male inserting penis into mouth of infant, infant female being penetrated with pliers, and naked pre-pubescent girls bound and gagged with their genitals exposed.

When chatting online with an Australian undercover officer in the 2008 case, Mercer-Kinser bragged that he was molesting his 2 ½ year old son and was engaging in sexual relations with other family members, including a five or six year old niece. In the investigation, Mercer-Kinser also admitted to being sexually attracted to children, and intentionally searching out child pornography on the internet.   He further indicated that he was mainly interested in children between 0 and 14 years old.

2

During the course of the 2008 federal prosecution, a complaint was filed with the Lapeer County Sheriff's Department alleging that Mercer-Kinser committed Criminal Sexual Conduct Third Degree on a minor relative.   The victim alleged that when she and defendant were alone in his apartment, he got her drunk and convinced her to perform oral sex on him as he watched pornography.   Although the case was not prosecuted, the county prosecutor explained that the case was declined only because the defendant was already facing a significant federal sentence, and not due to any problems with the evidence.

Sometime in mid-2019, defendant was designated to a halfway house in Detroit to serve out the remaining months of this federal sentence.    In early October 2019, the FBI received troubling information from one of defendant's relatives. The relative claimed to have knowledge of previous sexual crimes committed by defendant, and what appeared to be "grooming" of his own 10 year old daughter (MV1) and a 15 year old female child (MV2) who was well known to defendant and his family.   The relative informed that defendant was in direct, unsupervised contact with these children through text messaging, from the halfway house.   Because MV1 was on the relative's cellular phone plan, the relative was able to view the communications from defendant.   The relative provided the FBI with hundreds of pages of text and multi-media messages.   In the messages, defendant appears to be

3

trying to convince MV1 that sex with adults and child pornography are not only acceptable, but normal, in order to groom MV1 to be open to a sexual relationship with him upon his release from the halfway house.

A representative from the halfway house took possession of defendant's smartphone.   Later that day, Mercer-Kinser left the halfway house and ran down the embankment of I-94 and onto the freeway, in an apparent suicide attempt.   He was hit by a tractor-trailer and sustained non-life threatening injuries.

Federal investigators obtained a federal search warrant for defendant's smartphone.   It contained images of child pornography.   The case agent identified approximately 163 images of what appeared to be children and young teenagers in various states of undress. Many of the images depict the lascivious exhibition of the genitals of minor girls.   In some images, those girls are performing oral sex on an erect penis.   There is an image from a known child pornography series, involving a known child victim from Canada.

The smartphone also contained deleted bookmarks to "jailbait" forums on the internet.   Such forums are geared toward the sharing of child pornography and discussion of underage children.   Often these forums require users to register with a password in order to access the forum.   The case agent accessed the public pages of these forums using the links that were bookmarked on Mercer-Kinser's

smartphone.   One such forum was captioned "Raping Girls is Fun."   Another included the following description:   "Whatever you think about during those rare moments when you're not pondering how to kidnap and ravish cute young girls."

In November 2019, the grand jury indicted defendant on one count of receipt of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and § 2252A(a)(5)(B), respectively.   Todd Shanker was appointed as counsel, but moved to withdraw in October 2020.   His motion was granted.   Kimberly W. Stout was appointed in November 2020.

The deadline for pretrial motions was extended several times at defendant's request.   The last extension resulted in a motion cutoff of March 29, 2021. Defendant did not file any motions governed by Federal Rule of Criminal Procedure 12(b)(3).   He filed the instant motion in limine on April 1, 2021.

The government has provided a proposed Rule 11 agreement for defendant's consideration.   The plea cutoff is April 30, 2021.   The current case schedule anticipates a final pretrial conference on May 13, 2021 and jury trial to begin on May 25, 2021.

## **ARGUMENT**

**I.    WHETHER A GIVEN DEPICTION IS LASCIVIOUS IS A QUESTION FOR THE JURY.**

Defendant's position is that, in his view, "only three" images found on his smartphone "could possibly be considered child pornography."   Defense Brief, 5. But it is up to the jury to decide whether the images on defendant's smartphone constitute child pornography.   *See United States v. Stewart*, 729 F.3d 517, 527 (6th Cir. 2013) ("The *Dost* test asks the *factfinder* to evaluate" the relevant factors…") (emphasis supplied); *Evers v. United States*, No. 17-5419, 2017 WL 8794876, at *2 (6th Cir. Oct. 27, 2017) ("whether an image contains a lascivious exhibition is a question of fact for the jury").

"[I]t appears that no circuit court has endorsed the use of a pretrial hearing to take this question from the jury."   *Evers*, 2017 WL 8794876, at *2 (citing *United States v. Fabrizio*, 459 F.3d 80, 88 (1st Cir. 2006).   Yet that is essentially what defendant asks this court to do.   His invitation should be declined.

To make the probable cause showing in the complaint affidavit, the case agent highlighted three images of child pornography recovered from defendant's smartphone as "significant."   But that identification of a few representative images for the limited purpose of establishing probable cause in no way cabins the government's proofs at trial.   The government is in the process of reviewing and

6

categorizing all of the relevant images recovered from defendant's smartphone, and will separate which images it intends to present to the jury as direct evidence of the charges in the indictment (*i.e.*, the child pornography to which the jury applies the *Dost* factors), and which images it intends to admit as relevant child erotica.

## II.   CHILD EROTICA AND DEFENDANT'S BOOKMARKING OF "JAILBAIT" WEBSITES ARE PROBATIVE AND RELEVANT EVIDENCE OF THE INDICTED OFFENSES BECAUSE THEY ESTABLISH DEFENDANT'S KNOWING RECEIPT AND POSSESSSION OF THE CHILD PORNOGRAPHY AT ISSUE.

Pursuant to Federal Rule of Evidence 402, "all relevant evidence is admissible." Fed. R. Evid. 402.   Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."   Fed. R. Evid. 401.

The United States is required to prove that defendant knowingly received and possessed child pornography, and that defendant had knowledge as to the nature of the proscribed items.   *See United States v. X-Citement Video, Inc.,* 513 U.S. 64, 78 (1994); *United States v. Brown,* 25 F.3d 307, 309 (6th Cir. 1994); *United States v. Johnson*, 775 F. App'x 794, 800 (6th Cir. 2019); 18 U.S.C. § 2252A(a)(2) ("knowingly receives"), § 2252A(a)(5)(B) ("knowingly possesses").

The presence of images of child erotica on defendant's smartphone, along with his bookmarking of "jailbait" forums on the internet, provide an overall context for his actions, and make it more likely that he knowingly received and possessed the child pornography at issue. *See, e.g., United States v. Dornhofer,* 859 F.2d 1195, 1199 (4th Cir. 1988) (district court properly admitted pictures of nude children, novels dealing with incest, and child erotica magazines; such items were "relevant" because they could be used to show defendant's "predisposition toward child pornography," and made defendant's "claim that he ordered the child pornography by mistake less probable"); *United States v. Vosburgh*, 602 F.3d 512, 538 (3d Cir. 2010) (district court properly admitted thirty images of child erotica; defendant's possession of the pictures suggested that he "harbored a sexual interest in children, and tended to disprove any argument that he unknowingly possessed" the child pornography at issue or "attempted to access" the relevant link "by accident").

In *United States v. Caldwell*, 181 F.3d 104, 1999 WL 238655, at *7 (6th Cir. 1999) (table), the Sixth Circuit affirmed the trial court's admission of child erotica, including children's underwear, newspaper clippings, and fifteen collages depicting adults and children, because it was "res gestae" evidence "directly relevant to the issue of knowledge" as to the charged child pornography. Likewise, in the instant

8

case, the child erotica and bookmarking of "jailbait" forums provide important context for defendant's actions.    "The jury is entitled to know the 'setting' of a case. It cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge."   *United States v. Roberts,* 548 F.2d 665, 667 (6th Cir.), *cert. denied,* 431 U.S. 931 (1977). Such evidence also demonstrates defendant's sexual interest in children and predisposition toward child pornography – both of which help to prove an essential element of the crimes:    defendant's knowledge.

Defendant's knowledge of the nature of the materials that he received or possessed may be proven by circumstantial evidence.    *United States v. Moran*, 771 F. App'x 594, 599 (6th Cir. 2019); *United States v. Johnson*, 775 F. App'x 794, 800 (6th Cir. 2019); *United States v. Gray*, 641 F. App'x 462, 467 (6th Cir. 2016). Here, the circumstances of defendant's crime include his use of the internet to access forums discussing things like "Raping Girls," and his prurient interest in children, as evidenced by the sheer number of images of them on his smartphone.    The act of bookmarking a link to a particular website, so that it is readily accessible in the future, demonstrates that the person effectuating the bookmark knows what the link is for.    The Sixth Circuit has held that when "search terms specific to child pornography are found on a computer, it is persuasive circumstantial evidence that

9

the user knowingly possessed child pornography." *Johnson*, 775 F. App'x at 800 (*citing United States v. Gray*, 641 F. App'x 462, 468 (6th Cir. 2016)). The same logic applies to Mercer-Kinser's actions in bookmarking certain links.

Defendant's authority, *United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015), does not counsel otherwise.   *Edwards* dealt with the sufficiency of probable cause to search the defendant's home, where the warrant was based exclusively upon defendant's uploading of legal child erotica.   The Tenth Circuit made clear that it was not deciding "whether the possession of child erotica alone could ever be enough to establish probable cause that an individual possesses child pornography," and held that "under the totality of the unique circumstances" in that particular case only, the affidavit at issue did not establish probable cause. *Id*. at 963, 964.   It then affirmed on good-faith grounds.   The Sixth Circuit has cautioned that *Edwards* should not be "stretche[d]" to "mean more than what it says." *United States v. Tagg*, 886 F.3d 579, 591 (6th Cir. 2018). The Sixth Circuit has also expressed a different view on the relationship between child erotica and child pornography, noting that "investigators often look for child erotica as an indicator of the presence of child pornography" because learning that the defendant acquired child erotica "increases the probability that he enjoyed child erotica, which makes it more likely that he

enjoyed child pornography, which makes it more likely that he knowingly possessed" child pornography. *Caldwell*, 1999 WL 238655, at *7.

Because the issue in our case is whether the presence of child erotica on defendant's smartphone and the bookmarking of "jailbait" websites help to establish the defendant's knowledge, the more apt authorities are *Caldwell* and *Dornhofer*. In *Caldwell*, the Sixth Circuit held that the district court, which determined that the child erotica was "directly relevant to the issue of knowledge," properly admitted the items.    *Caldwell*, 1999 WL 238655, at *7.   Likewise, in *Dornhofer,* the Fourth Circuit rejected the defense argument that a notebook containing pictures of nude children, novels dealing with incest, and magazines such as *Fifteen, Sweet Little Sixteen* and *Young and Naked* were not relevant, and instead held that such items could be used to show defendant's "predisposition toward child pornography," because they made defendant's "claim that he ordered the child pornography by mistake less probable." *Dornhofer,* 859 F.2d at 1199.    The same is true here.

## III.   THE EVIDENCE WOULD ALSO BE ADMISSIBLE UNDER RULE 404(b).

Even if this court determined that the child erotica from defendant's smartphone and his bookmarking of "jailbait" websites are not res gestae, they are otherwise admissible under Federal Rule of Evidence 404(b) to show motive, knowledge, intent, and absence of mistake or accident. The Sixth Circuit has held that "where

there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994).

In *Caldwell*, the Sixth Circuit explained that any error in admitting the evidence as res gestae would have been harmless because the child erotica could properly enter under Rule 404(b) as evidence of "other ... wrongs or acts" showing knowledge or intent under Rule 404(b). *Caldwell*, 1999 WL 238655, at *7. Likewise, in *United States v. Guy*, 708 F. App'x 249, 260 (6th Cir. 2017), the Sixth Circuit held that where "pedophilia-related images were found on the same discs containing the images underlying the offenses for which [the defendant] was indicted, and the evidence was closely related to those offenses," the images were "therefore permissible evidence." More specifically, the Sixth Circuit agreed with the government that the "permissible purpose" for admission was to "demonstrate[] a sexual interest in children," which was "probative of the offenses" for which the defendant was charged. *Id*. The same principle applies here. *See also United States v. Nanda*, 178 F.3d 1287 (4th Cir. 1999) ("The additional photographs and chat-room dialogues were relevant and necessary because they tended to show

[defendant's] intent, knowledge, and absence of mistake with regard to the hot_ yung.zip file."); *United States v. Long*, 328 F.3d 655, 663-64 (D.C. Cir. 2003) (holding that uncharged, sexually explicit, and suggestive photographs were admissible under 404(b) because they were probative of defendant's possession and intent with respect to the child pornography charges); *United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995) (upholding district court's admission under 404(b) of uncharged depiction of woman dressed as a minor girl wearing pigtails and roller skates engaged in sexually explicit conduct, referred to as "simulated child pornography," as relevant to showing defendant's "knowing interest in child pornography"); *United States v. Riccardi*, 258 F. Supp. 2d 1212, 1233-35 (D. Kan. 2003), *aff'd*, 405 F.3d 852 (10th Cir. 2005) (admitting child erotica under Rule 404(b) as probative of defendant's knowledge and for tending to prove lack of mistake).

## IV.   THE RULE 403 BALANCING FAVORS ADMISSION.

"The standard required to exclude relevant evidence is high."   *Dornhofer*, 859 F.2d at 1199.   Relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice[.]" Fed. R. Evid. 403. Whether the court admits the evidence as res gestae or under Rule 404(b), its probative value is not substantially outweighed by the danger of unfair prejudice.

As discussed above, the evidence's probative value in establishing Mercer-Kinser's knowledge, motive, intent and lack of mistake or accident is strong.   The danger of unfair prejudice, in contrast, is low.   Defendant has described the images he seeks to exclude as "akin to a child in a beauty contest."   Defense Brief, 5.   If this is true, as Mercer-Kinser argues, it is unclear how an abundance of innocent images would be in any way prejudicial to him – much less, unfairly so.   Indeed, he does not even argue that admission of the evidence would be "unfairly" prejudicial, as Rule 403 requires.   At best, he claims, without explanation, that the evidence is "highly" prejudicial. But that is not the same thing. And he offers no argument beyond a cursory statement that the reasons for prejudice are "almost self-evident."   Defense Brief, 6.

In *Guy*, the defendant similarly failed to articulate how the probative value of the evidence was substantially outweighed by unfair prejudicial effect, beyond suggesting that it generally cast him "in a perverted light."   708 F. App'x at 261. The Sixth Circuit rightly determined that "because we have concluded that the Pedo Bear images were probative of the indicted offenses, it necessarily follows that the images had a broader purpose than merely casting [defendant] in a perverted light." *Id*.; *see also Riccardi*, 258 F. Supp. 2d at 1235 (rejecting defendant's claim that the non-sexually explicit photographs were unduly prejudicial, where he offered no

14

explanation or showing of prejudice); *Dornhofer,* 859 F.2d at 1199 (upholding admission of child erotica evidence against Rule 403 challenge because possession of such material made defendant's claim that he ordered child pornography by mistake less probable); *United States v. Neuhard*, No. 15-CR-20425, 2017 WL 971677, at *2 (E.D. Mich. Mar. 14, 2017) (Drain, J.) (denying defendant's motion in limine to prohibit the government from admitting a child-sized inflatable doll that was seized during execution of a search warrant at the defendant's home, and holding that "the doll is admissible because the charges are sexual in nature," and "the serious relevance and probative value of the doll exceeds its prejudicial effect"). In addition, any prejudice created by the child erotica is overshadowed by the more disturbing images of child pornography that form the basis of the charges in the case.

## V.   DEFENDANT'S INVOCATION OF HIS RIGHT TO FREE SPEECH DOES NOT RENDER THE EVIDENCE INADMISSIBLE.

Finally, defendant cannot use the First Amendment as some sort of evidentiary shield.   The only case defendant cites, *White v. Baker*, 696 F. Supp. 2d 1289 (N.D. Ga. 2010), says nothing of the sort.   In *White*, the district court granted a preliminary injunction in favor of a sex offender in a §1983 civil rights case.   The sex offender argued that his free speech rights were violated when he was required to provide his e-mail addresses, user names, and passwords to law enforcement personnel.   *White* has nothing to do with the admission of trial evidence.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that defendant's motion be denied.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney


<u>*s/ Erin S. Shaw*</u>
Erin S. Shaw
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9182
Email:   erin.shaw@usdoj.gov

Dated: April 15, 2021

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2021 I caused the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE to be electronically filed with the Clerk of the United States Court for the Eastern District of Michigan using the ECF system, and that copies of this brief will be served electronically to all counsel of record.

/s/ *Erin S. Shaw*
Assistant United States Attorney

17