UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **MATTHEW MERCER-KINSER**, <br><br> Defendant. | 2:19-CR-20772-TGB-APP <br><br><br> **ORDER DENYING MOTION TO EXCLUDE EVIDENCE** |

This case involves charges of possession and distribution of child pornography. Mr. Mercer-Kinser filed a motion to exclude (1) certain images of children and (2) evidence of bookmarks to certain internet websites, both retrieved from his cell phone, from trial. ECF No. 28. The Court held a hearing to consider the motion on August 4, 2021, where it made a partial ruling from the bench[1] and noted that the matter would be fully addressed in a written order.

---

[1] The Court ruled that those images the government intends to offer in its case in chief as meeting the statutory definition of child pornography will not be excluded: the government bears the burden of proof on the question of whether they meet the definition, and the issue is for the jury. *Evers v. United States*, No. 17-5419, 2017 WL 8794876, at *2 (6th Cir. Oct. 27, 2017) ("whether an image contains a lascivious exhibition is a question of fact for the jury . . . no circuit court has endorsed the use of a pretrial hearing to take this question from the jury.").

1

### A. Child erotica images

Defendant seeks to prevent the government from offering any images at trial that could be considered "child erotica" rather than "child pornography." Images that contain "lascivious" exhibition of a child's genitals or pubic area fall under the statutory definition of child pornography. 18 U.S.C. § 2256(8)(A). The Sixth Circuit has adopted a six-factor test for gauging "lasciviousness" and thereby determining whether an image is child pornography or erotica. *United States v. Brown*, 579 F.3d 672, 680 (6th Cir. 2009). Mr. Mercer-Kinser argues that the Court should exclude from trial evidence any images that the government is not alleging to be child pornography. Such images, Defendant argues, would clearly not pass the *Brown* test and are therefore depictions of child erotica. ECF No. 28, PageID.112.

Defendant first challenges the relevance of such images under Fed. R. Evid. 401, arguing that evidence showing a person possesses child erotica does not make it more likely that they also possess child pornography. But the Sixth Circuit has addressed this question, and has ruled that in child pornography cases, child erotica may be admitted as relevant "under Fed. R. Evid. 404(b) as evidence of "other . . . wrongs or acts" showing knowledge or intent." *United States v. Caldwell*, 181 F.3d 104 (6th Cir. 1999). The fact that Mr. Mercer-Kinser had some child erotica on his phone could be relevant to a jury's consideration of his knowledge and intent regarding the other materials on his phone. A

causal or direct link between the two is not required for the evidence to be relevant.[2]

Alternatively, Mr. Mercer-Kinser says that the child erotica images should be excluded under Fed. R. Evid. 403 because they would be prejudicial to the jury. He does not offer concrete examples or caselaw that indicates why the inclusion of these additional images would be prejudicial. The Court is unpersuaded that, after being confronted with images that are alleged to meet the elements of child *pornography*, a jury would be unduly prejudiced by the introduction of evidence that is classified as child *erotica*.

For these reasons, the child erotica images are not excluded from trial. The Court reiterates its comments on the record that counsel for the Defendant should be permitted to thoroughly examine the images that the government intends to present prior to trial.

---

[2] The case cited in support of Defendant's argument that pornography and erotica cannot be automatically linked has different facts: there, a search warrant was found to lack probable cause for child pornography because the only evidence in support of the search warrant was that the suspect possessed child erotica. *United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015). But the concern here is not probable cause—it is the defendant's intent and the knowing nature of his possession of child pornography. The government has a burden to prove the various elements of the charged crime, which include knowledge and intent. Possession of child erotica makes it more probable that these elements of the crime are present.

### B. Internet forum bookmarks

Mr. Mercer-Kinser also seeks to exclude evidence of deleted internet bookmarks leading to websites hosting child pornography-related forums. He argues they would be prejudicial to the jury. The government again argues that these bookmarks go towards proving the elements of the crimes at issue.

The Court notes that there is an important distinction between proffering evidence of a bookmark itself (a static recording of a website URL or "uniform resource locator") and seeking to introduce content from the actual website to which the bookmark directs a viewer. In its argument that the bookmarks are relevant to the elements of the charged crimes, the government cites certain disturbing language (suggesting sexually abusive activity involving children) that was present in the forums on the bookmarked *websites*, which were viewed by an investigator. ECF No. 29, PageID.119-20. But the government has not yet provided any evidence confirming that the content viewed by the investigator was the same content Mr. Mercer-Kinser would have seen whenever he accessed these forums through the bookmarks. For the content to be relevant, the government will need to offer some evidence that it was present on the sites at the time the Defendant used the bookmarks to view the websites. Without that information, the Court cannot make a ruling on the relevance or prejudicial impact of evidence comprised of language found on the websites.

But to the extent the names of the forum websites as shown in the bookmark links evince an interest in children for a sexual reason, they will not be excluded: they are relevant to the elements of knowledge and intent, as well as the charge of possession. The Court does not find that the probative value of this evidence is "substantially outweighed" by any potential prejudice. Fed. R. Evid. 403.

## CONCLUSION

Defendant's motion is **DENIED**. The government will be permitted to introduce these items of evidence in a manner consistent with the Court's instructions on the record and in this Order.

**SO ORDERED**, this 10th day of August, 2021.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE