UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,             CRIMINAL NO. 19-20772

v.                           HON. TERRENCE G. BERG

MATTHEW MERCER-KINSER,

               Defendant.

_____/

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

On January 5, 2023, Mercer-Kinser filed a motion to dismiss the indictment. (ECF No. 45, PgID 184). Though filed electronically by his appointed counsel, the motion is approximately 40 pages of handwritten argument from the defendant himself, that appear to be torn from a notebook. *Id*. Mercer-Kinser not seek concurrence from the government prior to filing, as required by Local Rule 7.1(a). His filing is not in the typewritten format specified in Local Rule 5.1(a)(2), and it far exceeds the 25-page limit without leave of court, in violation of Local Rule 7.1(d)(3)(A). Mercer-Kinser is not representing himself. His counsel is appointed— not standby. It "is well settled that there is no constitutional right to hybrid representation." *United States v. Cromer*, 389 F.3d 662, 682 (6th Cir. 2004). Under these circumstances, Mercer-Kinser should not be permitted to file pro se pleadings. Rather, his filings should come from his very experienced and well-qualified

attorney, and meet the basic professional standards required of members of the bar of this court.

Moreover, the motion cutoff in this case was almost two years ago, in March 2021. (ECF No. 27, PgID 105). Mercer-Kinser's motion is untimely. Federal Rule of Criminal Procedure 12(c)(3) requires a good cause showing where, as here, a defendant files an untimely motion to dismiss the indictment under Rule 12(b)(3)(B). At a minimum, good cause requires some "legitimate explanation for the failure to timely file." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010). The defendant must also show prejudice. *See United States v. Trujillo-Molina*, 678 F. App'x 335, 338 (6th Cir. 2017).

Mercer-Kinser offers no explanation for his belated filing. And he cannot establish prejudice because his argument otherwise fails on the merits.

He argues that he "never intended to receive or possess" child pornography, and that he "sought only legal child erotica." (ECF No. 45, PgID 212-13). But that is not a ground to dismiss the indictment. That is what the trial is for. If Mercer-Kinser so chooses, he may explain his defense theory to the jury. Regardless of whether or not Mercer-Kinser elects to put on a defense case, the jury will evaluate the evidence concerning his intent, and decide whether any of the images in evidence meet the definition of child pornography.

And, it is well-settled that the First Amendment does not protect child pornography. *See New York v. Ferber*, 458 U.S. 747 (1982). Likewise, the Sixth Circuit has rejected Mercer-Kinser's argument concerning overbreadth and scienter. *See United States v. Brown*, 25 F.3d 307, 310 (6th Cir. 1994) ("Finally, in concluding that § 2252(a)(2) incorporates a scienter requirement as to the character of the materials involved, we join the majority of the courts of appeals that have addressed the constitutionality of § 2252 and the sufficiency of the statute's knowledge requirement.")

## CONCLUSION

This Court should deny defendant's motion as untimely. In the alternative, the motion should be denied on the merits.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Erin S. Shaw*
Erin S. Shaw
Margaret M. Smith
Assistant United States Attorneys
211 W. Fort St., Suite 2001
Detroit, Michigan 48226-3220
(313) 226-9100

Dated: January 26, 2023

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I caused this Response to Defendant's

Motion to Dismiss to be electronically filed with the Clerk of the United States Court

for the Eastern District of Michigan using the ECF system, and that copies of this

pleading will be served electronically to all counsel of record.

/s/ *Erin S. Shaw*
Assistant United States Attorney

4