UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **MATTHEW MERCER-KINSER,**  Defendant. | 2:19-CR-20772-TGB-APP  **ORDER DENYING MOTION TO DISMISS INDICTMENT (ECF NO. 45)** |

Matthew Mercer-Kinser is charged with receipt of child pornography, 18 U.S.C. § 2252A(a)(2), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B).

On or about January 5, 2023, Mercer-Kinser prepared a handwritten motion to dismiss his indictment for failure to state an offense. (ECF No. 45.) In the motion, he contends that the federal statute criminalizing child pornography is facially overbroad because it impermissibly "chills the hunt for legal child erotica, which is a constitutionally protected form of expression." (ECF No. 45, PageID.187) Mercer-Kinser is represented by an attorney, who attached a cover page to his motion and electronically filed it with the Court. The government opposes the motion. (ECF No. 47.)

As the government correctly notes, Mercer-Kinser's motion fails for any number of procedural reasons.

1

*First*, it does not specify whether Mercer-Kinser sought concurrence from the government prior to filing, which is required by Local Criminal Rule 12.1(a) and Local Rule 7.1(a).

*Second*, the motion is untimely by nearly two years. The pre-trial motion cut-off in this case was on May 29, 2021, and the Federal Rules of Criminal Procedure require a showing of good cause to excuse untimely filings. Fed. R. Crim. P. 12(c)(3). Mercer-Kinser provides no explanation for the delay.

*Third*, Mercer-Kinser has a lawyer. Mercer-Kinser has not been authorized by the Court to act as co-counsel in his case. *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987).

As a substantive legal matter, Mercer-Kinser's arguments are foreclosed by existing precedent. His argument that the statute's language does not adequately ensure he will not be convicted without proof that he knew he received or intended to access child pornography has been rejected by the Sixth Circuit in *United States v. Brown*, 25 F.3d 307 (6th Cir. 1994). And his argument that he can be convicted for receiving and accessing images that are not "objectively" pornographic fares no better. The Sixth Circuit has carefully delineated what factors a jury may consider in deciding whether particular materials are proscribed by statute. *See generally United States v. Brown*, 579 F.3d 672 (6th Cir. 2009). Those appellate decisions constitute binding precedent that this Court must follow. A jury will determine whether the evidence

is sufficient to show beyond a reasonable doubt that Mercer-Kinser intended to possess and to receive images that meet the legal definition of child pornography.

Accordingly, Mercer-Kinser's motion is **DENIED**. While Mercer-Kinser is represented by counsel, any future filings in this case should come from his attorney and his attorney alone.

**IT IS SO ORDERED** this 15th day of February, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge