## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**MATTHEW MERCER-KINSER,**<br><br>Defendant. | **2:19-CR-20772-TGB-APP**<br><br><br>**COURT'S FINAL JURY INSTRUCTIONS** |

**INTRODUCTION (NO. 1)**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

_____

Sixth Circuit Pattern Jury Instruction 1.01.

## JURORS' DUTIES (NO. 2)

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

_____

Sixth Circuit Pattern Jury Instruction 1.02.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT (NO. 3)

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not

guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

_____

Sixth Circuit Pattern Jury Instruction 1.03.

**EVIDENCE DEFINED (NO. 4)**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes

I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

_____

Sixth Circuit Pattern Jury Instruction 1.04.

## CONSIDERATION OF EVIDENCE (NO. 5)

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

Sixth Circuit Pattern Jury Instruction 1.05.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE (NO. 6)

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

_____

Sixth Circuit Pattern Jury Instruction 1.06.

## CREDIBILITY OF WITNESSES (NO. 7)

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.

Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other

people. And then decide what testimony you believe, and how much

weight you think it deserves.

_____

Sixth Circuit Pattern Jury Instruction 1.07.

## NUMBER OF WITNESSES (NO. 8)

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

_____

Sixth Circuit Pattern Jury Instruction 1.08.

## LAWYERS' OBJECTIONS (NO. 9)

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

_____

Sixth Circuit Pattern Jury Instruction 1.09.

## INTRODUCTION (NO. 10)

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

_____

Sixth Circuit Pattern Jury Instruction 2.01.

## ELEMENTS OF THE OFFENSE: COUNT ONE (18 U.S.C. § 2252A(a)(2)) (NO. 11)

Count One of the indictment charges the defendant with receiving child pornography. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> First: That the defendant knowingly received child pornography.
>
> Second: That the defendant knew that the material was child pornography.
>
> Third: That the child pornography was received using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words or acts, along with all the other evidence, in deciding whether the defendant acted knowingly.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

_____

Sixth Circuit Pattern Jury Instruction 16.07 (modified); as to knowingly, Eighth Circuit Standard Jury Instructions, Committee Comments, Section 7.03.  17.04 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice & Instructions (4th Ed. 1992).

## ELEMENTS OF THE LESSER INCLUDED OFFENSE: COUNT TWO (18 U.S.C. § 2252A(a)(5)) (NO. 12)

Count Two of the indictment charges the Defendant with possession of child pornography. This offense is what the law calls a "lesser included offense" of Count One, receipt of child pornography. Therefore, if you were to find the evidence sufficient to prove the defendant guilty beyond a reasonable doubt of receipt of child pornography on Count One, you would not proceed to deliberate on Count Two, because the conduct necessary to prove that lesser offense is included in the conduct necessary to commit a violation of Count One. On the other hand, if you find the defendant not guilty of Count One: receipt of child pornography, or if after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of possession of child pornography, Count Two of the Indictment.

For you to find the defendant guilty of possessing child pornography, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant knowingly possessed any material, including, but not limited to, a computer and/or a hard drive, that contained an image of child pornography.

Second: That the defendant knew that the material contained child pornography.

Third: That image of child pornography was shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

_____

Sixth Circuit Pattern Jury Instruction 16.08 (modified); *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011).

## EXPLANATION OF TERMS (NO. 13)

Now I will give you some more detailed instructions on some of these terms.

(A) The term "child pornography" means any visual depiction, including any photograph, video, picture, computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct where:

>    (i) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; or

>    (ii) The visual depiction had been created, adapted, or modified to appear that an identifiable minor was engaging in sexually explicit conduct.

(B)  The term "visual depiction" includes:

>    (i) data stored on computer disk or by electronic means which is capable of conversion into a visual image; or

(ii) data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

(C) The term "sexually explicit conduct" means actual or simulated:

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) masturbation;

(ii) sadistic or masochistic abuse;

(iv) lascivious exhibition of the genitals or pubic area of a person.

In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5)

whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

(D) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, including a "smart" cell phone. But such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

(E) The term "minor" means any person under the age of eighteen (18) years.

(F) The term "in interstate commerce" means the child pornography crossed a state line.

(G) The term "means or facility of interstate commerce" includes the internet or the telephone.

(H) The phrase "affecting interstate commerce" means having at least a minimal effect upon interstate commerce.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

_____

Sixth Circuit Pattern Jury Instructions 16.07 & 16.08 (modified).

## ON OR ABOUT (NO. 14)

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crime happened on or about and between July 20, 2019, through on or about October 10, 2019, both dates being approximate and inclusive. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

_____

Sixth Circuit Pattern Jury Instruction 2.04 (modified).

## INFERRING REQUIRED MENTAL STATE (NO. 15)

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

_____

Sixth Circuit Pattern Jury Instruction 2.08.

## INTRODUCTION (NO. 16)

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

_____

Sixth Circuit Pattern Jury Instruction 7.01.

## DEFENDANT'S TESTIMONY (NO. 17)

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

_____

Sixth Circuit Pattern Jury Instruction 7.02B.

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS (NO. 18)

You have heard the testimony of FBI Special Agent Ray Nichols, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Agent Nichols's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

_____

Sixth Circuit Pattern Jury Instruction 7.03A.

**OTHER ACTS OF DEFENDANT (NO. 19)**

You have heard testimony that the defendant committed acts other than the ones charged in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, absence of mistake, or absence of accident. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes alleged in the Indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction 7.13 (modified).

34

## SIMILAR ACTS IN CHILD PORNOGRAPHY CASES (NO. 20)

You have heard evidence that the defendant was previously convicted of a similar offense of transportation of child pornography.

You may use this evidence to decide whether the defendant committed the act charged in the indictment. You may not convict the defendant simply because he was convicted of this other offense. Remember, the defendant is only on trial for the crimes charged. You may not convict him simply because you believe that he committed similar acts in the past.

You may give this evidence such weight as you think it should receive or no weight.

_____

Ninth Circuit Pattern Jury Instruction 2.11 (modified); Eighth Circuit Pattern Jury Instruction 2.08A (modified).

**FLIGHT (NO. 21)**

You have heard testimony that after the crime was supposed to have been committed, the defendant ran onto the freeway and into oncoming traffic.

If you believe that the defendant did this, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may commit these acts for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

_____

Sixth Circuit Pattern Jury Instruction 7.14 (modified).

36

**STATEMENT BY DEFENDANT (NO. 22)**

You have heard evidence that the defendant, Matthew Mercer-Kinser, made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

_____

Sixth Circuit Pattern Jury Instruction 7.20.

## INTRODUCTION (NO. 23)

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to

get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

_____

Sixth Circuit Pattern Jury Instruction 8.01.

**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS (NO. 24)**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with

your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror

who violates these restrictions jeopardizes the fairness of these

proceedings, and a mistrial could result, which would require the entire

trial process to start over.

_____

Sixth Circuit Pattern Jury Instruction 8.02.

## UNANIMOUS VERDICT (NO. 25)

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

_____

Sixth Circuit Pattern Jury Instruction 8.03.

## DUTY TO DELIBERATE (NO. 26)

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction 8.04.

**PUNISHMENT (NO. 27)**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction 8.05.

**VERDICT FORM (NO. 28)**

I have prepared a verdict form that you should use to record your

verdict. The form reads as follows:_____.


If you decide that the government has proved the charge against the

defendant beyond a reasonable doubt, say so by having your foreperson

mark the appropriate place on the form. If you decide that the

government has not proved the charge against him beyond a reasonable

doubt, say so by having your foreperson mark the appropriate place on

the form. Your foreperson should then sign the form, put the date on it,

and return it to me.


_____

Sixth Circuit Pattern Jury Instruction 8.06.

**VERDICT LIMITED TO CHARGES AGAINST THIS**

**DEFENDANT (NO. 29)**

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

_____

Sixth Circuit Pattern Jury Instruction 8.08.

**COURT HAS NO OPINION (NO. 30)**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction 8.09.

**JUROR NOTES (NO. 31)**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

_____

Sixth Circuit Pattern Jury Instruction 8.10.